NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMILIO DEJESUS-ZARRAGA, AKA
Emilio DeJesus,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.   16-73609

Agency No. A206-406-559

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:   SILVERMAN, BEA, and WATFORD, Circuit Judges.

Emilio DeJesus-Zarraga, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  DeJesus-Zarraga's request
for oral argument, set forth in his opening brief, is denied.

withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

In his opening brief, DeJesus-Zarraga fails to contest the BIA's determination that he waived any challenge to the IJ's dispositive finding that his asylum application was untimely. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, we deny the petition as to DeJesus-Zarraga's asylum claim.

Substantial evidence supports the agency's conclusion that DeJesus-Zarraga failed to establish that he was or would be persecuted in Mexico on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Further, we lack jurisdiction to consider the particular social groups DeJesus-Zarraga presents for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in

16-73609

administrative proceedings below).  Thus, DeJesus-Zarraga's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because DeJesus-Zarraga failed to establish it is more likely than not he will be tortured with the consent or acquiescence of the government of Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

16-73609